**EDWARDS & ASSOCIATES, INC. and Horace Edwards, Plaintiffs,**

v.

**BLACK & VEATCH, L.L.P., Defendant.**

**No. 98–2563–JWL.**

United States District Court,
D. Kansas.

April 14, 1999.

Dan Biles, Randall L. Manvitz, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, for Edwards & Associates, Inc., Horace Edwards, plaintiffs.

John R. Phillips, Rosetta B. Robins, Darryl K. Uffelmann, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, for Black & Veatch LLP, defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This suit arises out of a partnership formed among the parties and others to secure a government contract for engineering services relating to the development of a traffic management system in the Kansas City area and defendant's purported refusal to allow plaintiffs to participate meaningfully in the project after securing the contract. Plaintiffs, a minority business enterprise and its owner, allege that defendant interfered with plaintiffs' civil rights in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 2000d (Title VI of the Civil Rights Act of 1964) and also assert a variety of state common law claims. This matter is presently before the court on defendant's motion to dismiss § 1983 claim for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) (doc. # 5). As set forth in more detail below, defendant's motion is conditionally denied without prejudice. The court will allow leave to amend their complaint, to the extent set forth below, on or before April 26, 1999.

## I. Background[1]

Plaintiff Edwards & Associates, Inc. (EAI) is a multi-disciplinary engineering firm that focuses on transportation-related issues. Pursuant to certain governmental regulations, EAI is certified as a Disadvantaged Business Enterprise (DBE) or, as it is sometimes referred to, a Minority Business Enterprise (MBE). Plaintiff Horace Edwards, an African–American, is the shareholder and principal of EAI. Mr. Edwards is a registered professional engineer and a former Secretary of Transportation for the State of Kansas. Defendant Black & Veatch, L.L.P. provides engineering and construction services as well as consulting services on transportation issues.

In August 1996, Black & Veatch organized the "Black & Veatch Transportation Group" for the purpose of securing a multi-million dollar government contract offered by the Kansas and Missouri Departments of Transportation for the development of a sophisticated traffic management system in the Kansas City area. The project is funded by federal, state and local tax funds. A bid on the project was deemed responsive only if the requisite percentage of participation (10%) was attained by certified minority businesses.

Black & Veatch recruited plaintiffs to join the Transportation Group. During this recruiting effort, plaintiffs emphasized to Black & Veatch that EAI would join the team only if Black & Veatch agreed that EAI would have significant participation in the project beyond the 10% participation goal contemplated by law for minority businesses. Black & Veatch agreed that EAI was qualified to perform substantial aspects of the project and would be a key team member in the Transportation Group. Black & Veatch also represented to EAI that EAI's participation would be greater than the 10% set-aside for minority businesses. Ultimately, EAI joined the Transportation Group. EAI was the only minority business in the Group and its

---

1. The facts presented here are taken from plaintiffs' complaint and, for purposes of defendant's motion to dismiss, the court accepts these facts as true. *See Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998).

participation allowed Black & Veatch to satisfy the project's 10% set-aside requirement.

In February 1997, the Transportation Group made a proposal to the Kansas and Missouri Departments of Transportation. In May 1997, the Black & Veatch Transportation Group was selected to provide engineering services for the project. Upon securing the contract, the Transportation Group was to divide responsibility for the project among the Group's participants in a formal agreement with the Missouri and Kansas Departments of Transportation. In September 1997, EAI received a draft of a "Project Design Consultant Agreement," which was intended to define the role EAI would perform in the project. In this document, Black & Veatch proposed that EAI receive only 9.3% of the project.[2]

According to plaintiffs, EAI promptly objected to the proposal. Black & Veatch assured EAI that it would honor the representations and agreements made earlier with respect to EAI's participation in the project. Thus, EAI remained silent and allowed Black & Veatch to continue contract negotiations with other participants. EAI was precluded from involvement in any of these negotiations. Despite its request, EAI received no other drafts of proposed contracts until the conclusion of the negotiations.

In June 1998, EAI received a "final" contract for EAI's execution. This contract limited EAI's role to $345,564 of the $7,999,658 contract and EAI's percentage was shown as only 4.94 percent. Black & Veatch advised EAI that the limited scope of services offered to EAI was fixed and non-negotiable. EAI refused to execute the contract.

## II. Discussion

Plaintiffs assert a claim under 42 U.S.C. § 1983 against defendant for its alleged

deprivation of plaintiffs' due process and equal protection rights. In support of this claim, plaintiffs allege only that defendant "acted under color of law" and that the project "was funded with federal and state monies and directed by a bi-state transportation agency made up of the Kansas and Missouri Departments of Transportation." *See* Complaint ¶¶ 43, 44. Defendant moves to dismiss plaintiffs' § 1983 claim on the grounds that plaintiffs, in their complaint, have failed to allege facts demonstrating that defendant acted under color of state law at any time during its relations with plaintiffs.

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher,* 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 188, 142 L.Ed.2d 153 (1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

 As the Supreme Court recently reiterated, § 1983 "basically seeks 'to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights' and to

---

**2.** Plaintiffs further allege that the proposal actually contemplated that EAI would perform less than 5% of the project in light of a "pass-through" mechanism with respect to

material purchases and specialized services for which no legitimate professional services were to be performed by EAI.

provide related relief." *Richardson v. McKnight,* 521 U.S. 399, 117 S.Ct. 2100, 2103, 138 L.Ed.2d 540 (1997) (quoting *Wyatt v. Cole,* 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) (citing *Carey v. Piphus,* 435 U.S. 247, 254–257, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978))). It imposes liability only where a person acts "under color" of a state "statute, ordinance, regulation, custom, or usage." *Id.* (quoting 42 U.S.C. § 1983). Nonetheless, § 1983 can sometimes impose liability upon a private individual or entity under certain narrowly prescribed circumstances. *Id.* (citing *Wyatt,* 504 U.S. at 162, 112 S.Ct. 1827; *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

■■■ It is uncontroverted that defendant Black & Veatch is a private actor for purposes of analyzing plaintiffs' § 1983 claim. In order to hold a private actor liable under § 1983, "it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." *Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir.1996) (quoting *Lee v. Town of Estes Park,* 820 F.2d 1112, 1114 (10th Cir.1987)); *see also Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1447 (10th Cir.1995) (identifying four tests for determining whether particular conduct constitutes state action). In their response to defendant's motion, plaintiffs submit that they are relying on the "joint action" test to establish defendant's liability under § 1983. *See Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Under this test, a § 1983 claim

may arise when a private actor conspires with a state actor to deprive a person of constitutional rights under color of state law. *See Gallagher,* 49 F.3d at 1453; *Dixon v. City of Lawton,* 898 F.2d 1443, 1449 n. 6 (10th Cir.1990) (citing *Dennis,* 449 U.S. at 29, 101 S.Ct. 183; *Adickes,* 398 U.S. at 149–52, 90 S.Ct. 1598). Thus, applying the standards governing a 12(b)(6) motion, the court must determine whether plaintiffs can prove any set of facts establishing that defendant and officials for the Missouri or Kansas Departments of Transportation acted in concert in effecting a particular deprivation of plaintiffs' constitutional rights. *See Gallagher,* 49 F.3d at 1453 (articulating relevant inquiry at summary judgment stage).

■■■ With this framework in mind, the court turns to the pleading requirements for a § 1983 claim and, more specifically, the specific allegations in plaintiffs' complaint. To state a cause of action under § 1983, must allege both the deprivation of a federal right and that the alleged action was taken under color of state law. *See Southern Disposal, Inc. v. Texas Waste Management,* 161 F.3d 1259, 1265 (10th Cir.1998) (citations omitted). Clearly allege these elements in their complaint. To state a cause of action under § 1983 based on an alleged conspiracy between private and state actors, however, plaintiffs "must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (citing *Clulow v. Oklahoma,* 700 F.2d 1291, 1303 (10th Cir.1983)). Complaint contains no facts tending to show that officials for the Kansas or Missouri Departments of Transportation agreed with defendant's agents and acted in concert with them.[3] Although plaintiffs allege that the project was funded with

---

**3.** In paragraph 28 of their complaint, plaintiffs allege that the "district engineer" waived the 10% set-aside for minority businesses "to ensure the integrity of the project is maintained." Although the complaint does not identify the district engineer, plaintiffs note in their papers that the district engineer was employed by the Missouri Department of Transportation. Assuming the district engineer was an agent of the Missouri Department of Transportation, the paragraph could be liberally construed to suggest that defendant and state officials "agreed" on a certain course of action with respect to plaintiffs' participation in the project. If plaintiffs elect

federal and state monies and was directed by the Kansas and Missouri Departments of Transportation, this allegation is insufficient to demonstrate the requisite conspiratorial nexus. *See Gallagher,* 49 F.3d at 1448 ("[T]he fact that a private entity contracts with the government or receives governmental funds ... does not automatically transform the conduct of that entity into state action."). In their papers, however, plaintiffs set forth additional facts in support of their 1983 conspiracy claim. Specifically, plaintiffs allege that certain agents of defendant informed Mr. Edwards that the scope of services offered to EAI was reduced at the direction of state officials with the Missouri and Kansas Departments of Transportation. Plaintiffs further allege that defendant's agents advised Mr. Edwards that these state officials requested that plaintiffs be excluded from contract negotiations. These additional facts at least come closer to showing the requisite agreement and concerted action. Because it appears that plaintiffs may be able to set forth facts sufficient to support their S 1983 conspiracy claim, the court will afford plaintiffs the opportunity to amend their complaint to the extent they can present facts tending to show agreement and concerted action between defendant and state officials. If plaintiffs do not amend their § 1983 claim by April 26, 1999, the claim will be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss Count III of plaintiffs' complaint (doc. # 15) is **denied on condition that plaintiffs amend their complaint as set forth above.** Plaintiffs must amend their complaint with respect to their § 1983 claim on or before **April 26, 1999.** If plaintiffs fail to amend their complaint by such date, § 1983 claim will be dismissed.

**IT IS S0 ORDERED.**

to amend their complaint, this paragraph should be clarified if appropriate.